# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:17-CR-16-JVB-JEM |
| ) | |
| DANIEL OLIVA, ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on an Emergency Motion for Compassionate Release [DE 37] filed by Defendant Daniel Oliva on August 4, 2020. The Government filed a response on August 21, 2020.

## BACKGROUND

Defendant was charged by way of a criminal complaint on February 15, 2017. An indictment was filed the next day, charging Defendant with possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Counts 1-4), possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 5), and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count 6).

On November 3, 2017, Defendant pled guilty to Counts 4 and 5. At the March 27, 2018 sentencing hearing, the Court sentenced Defendant to 10 months imprisonment on Count 4 and 60 months imprisonment on Count 5, to be served consecutively, and 3 years of supervised release on each count, to be served concurrently. On the Government's motion, the Court dismissed Counts 1, 2, 3, and 6.

Defendant is currently confined at the Morgantown Federal Correctional Facility (FCI-Morgantown). He argues that his obstructive sleep apnea, obesity, and asthma place him at risk for

severe consequences from COVID-19, should he contract the virus, and asks the Court to grant him compassionate release.

## ANALYSIS

Under 18 U.S.C. § 3582(c)(1)(A), the Court can grant a defendant's motion for compassionate release if the defendant complied with the administrative exhaustion requirement and the Court, having considered the factors found at 18 U.S.C. § 3553(a) as applicable, finds that extraordinary and compelling reasons warrant compassionate release and that compassionate release is consistent with the United States Sentencing Commission's applicable policy statements. Defendant complied with the administrative exhaustion requirement.

Congress tasked the Sentencing Commission with promulgating a policy statement on § 3582(c)(1)(A) and the definition of "extraordinary and compelling reasons." 28 U.S.C. § 994(t). The policy statement, found in the application notes to § 1B1.13 of the United States Sentencing Guidelines Manual, provides, as is relevant here, that a defendant's medical condition is an extraordinary and compelling reason when the defendant's serious physical or medical condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility" and the defendant is not expected to recover from the condition. U.S. Sentencing Guidelines Manual § 1B1.13 cmt. 1.[1]

The Government does not contest that Defendant has satisfied the administrative exhaustion requirement.

As detailed above, Defendant identifies severe obstructive sleep apnea, obesity, and asthma as medical conditions for the Court to consider in deciding whether to grant Defendant compassionate release. Defendant has presented medical records documenting his severe

---

[1] The policy statement does not reflect the First Step Act's change to § 3582(c)(1)(A), which now permits a defendant to bring a motion for compassionate release.

obstructive sleep apnea, but the records are much vaguer regarding Defendant's alleged obesity and asthma. The records show that Defendant has asthma, but the severity or treatment protocols are not in the submitted exhibit. *See* (Mot. Ex. 1, p. 11, ECF No. 37-1 ("He also has asthma.")). A letter written by Defendant's mother represents that Defendant uses "duonebs" at times for his asthma. *Id.* at 17. Regarding obesity, the Court has not found record of Defendant's height or weight in the submitted records, though a March 13, 2019 administrative note from a clinical encounter indicates that Defendant "needs to lose weight." *Id.* at 16.

To treat his severe obstructive sleep apnea, Defendant uses a CPAP machine. Because use of this machine is an Aerosol Generating Procedure, the Bureau of Prisons instituted changes in light of the COVID-19 pandemic. *Id.* at 11, 15. Though changes were instituted, Defendant has not submitted evidence that his severe obstructive sleep apnea or use of a CPAP machine cause a greater risk of severe consequences from a COVID-19 infection. The Government indicates that it was unable to find support for Defendant's theory.

Regarding Defendant's alleged obesity, there is insufficient evidence that Defendant has this condition, so the Court will not grant relief on this basis. Regarding Defendant's asthma, there is insufficient evidence on which to gauge the severity of the condition to determine whether it puts Defendant at an increased risk. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited August 25, 2020) (noting "moderate-to-severe" asthma as a condition with might put a person at increased risk for severe illness from COVID-19).

The Court is sympathetic to all who are concerned for their health and safety during this time of pandemic. However, Defendant's reasons presented in support of compassionate release

3

do not rise to the level of "extraordinary and compelling." Therefore, Defendant's motion is denied. In so ruling, however, the Court

> do[es] not mean to minimize the risks that COVID-19 poses in the federal prison system . . . . But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering [the Bureau of Prisons'] statutory role, and its extensive and professional efforts to curtail the virus's spread.

*United States v. Raia*, 954 F.3 594, 597 (3d Cir. 2020).

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** the Emergency Motion for Compassionate Release [DE 37].

SO ORDERED on August 25, 2020.

s/Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT
